UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Castle Aero Florida International, Inc., | Civ. No. 11-2672 (PAM/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Innovatis Asset Management, S.A., and Erwin Lasshofer, | |
| Defendants. | |

This matter is before the Court on Defendants' request for permission to file a motion for reconsideration under Local Rule 7.1(j), seeking reconsideration of this Court's denial of Defendants' motion for summary judgment.[1] Defendants must establish that "compelling circumstances" warrant reconsideration of the Order. D. Minn. L.R. 7.1(j). For the reasons that follow, the request is denied.

Defendants contend that reconsideration is necessary because of a decision recently issued by a Swiss court in litigation involving a letter of credit that is also at issue here.[2] But Defendants fundamentally misunderstand this Court's summary-judgment ruling. That ruling

---

[1] Defendants filed their request in this case's companion matter, Innovatis Asset Mgmt. v Mktg. & Fin. Servs., Civ. No. 12-1818 (D. Minn.). As Plaintiff notes, however, there has been no order entered 12-1818, and thus there is nothing to reconsider. The request for reconsideration should have been filed in this case.

[2] That decision issued January 20, 2014. Defendants do not explain why they waited 11 days to inform this Court of a decision that ostensibly completely precludes the claims Plaintiff raises here.

did not depend, either in whole or in part, on the pendency of the Swiss litigation or even on any issue that was before the Swiss court. Rather, the Court found that genuine issues of material fact prevented judgment as a matter of law on Defendants' theory that Plaintiff and a third party, Marketing & Financial Services, Inc. ("MFS") modified the terms of their written agreement through the terms of the letter of credit. The written agreement between Plaintiff and MFS was irrelevant to the Swiss litigation, which involved only the enforceability of the letter of credit as between Plaintiff's bank and Defendants' bank. Thus, the outcome of that litigation has little, if any, effect on this Court's determination.

No compelling circumstances warrant reconsideration of the Court's ruling on Defendants' motion. Accordingly, **IT IS HEREBY ORDERED that** Defendants' request for permission to file a motion for reconsideration (Docket No. 43 in Civ. No. 12-1818) is **DENIED**.

Dated: February 6, 2014

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
